IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50364
Conference Calendar
_____


FREDDIE LOUIS BREWER,

                                    Plaintiff-Appellant,


versus


FAWN D. CARL; RAUL MATA, Captain,

                                    Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-96-CV-11
- - - - - - - - - -
June 17, 1997
Before SMITH, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Freddie Louis Brewer, # 293568, appeals the dismissal of his

42 U.S.C. § 1983 civil rights complaint.  He has filed a motion

for leave to proceed in forma pauperis (IFP) on appeal.  The

motion for leave to appeal IFP is GRANTED.  The PLRA requires a

prisoner appealing IFP in a civil action to pay the full amount

of the filing fee, $105.  As Brewer does not have funds for

immediate payment of this fee, he is assessed an initial partial

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

filing fee of $2.10 in accordance with 28 U.S.C. § 1915(b)(1). Following the payment of the partial filing fee, funds shall be deducted from Brewer's prisoner account until the full filing fee is paid.  Id.

IT IS ORDERED that Brewer authorize the appropriate prison authorities to withdraw the initial partial filing fee from his prison trust fund account in accordance with the procedures required by the prison and to forward payment of the initial partial filing fee to the Clerk of the District Court for the Western District of Texas.  The initial partial filing fee must be received by the Clerk of the District Court within 30 days from the date of this opinion.

IT IS FURTHER ORDERED that the agency having custody of Brewer's inmate account shall, in accordance with 28 U.S.C. § 1915(b)(2), collect the remainder of the $105 filing fee and forward to the Clerk of the District Court for the Western District of Texas monthly payments of 20 percent of the proceeding month's income each time the amount in Brewer's account exceeds $10.

Brewer argues that the district court abused its discretion in relying upon his state court proceeding to dismiss his case; that his claim of lack of notice states a cause of action; that the district court abused its discretion by laying the blame on him for the lack of notice; and that the district court erred by not considering the merits of his cause of action.  Brewer's

good-time credits were restored on appeal from his disciplinary proceeding, and he has previously filed a § 1983 claim arising out of this set of facts in state court.  We consider this lawsuit to be malicious due to repetitiveness.  See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

Brewer's appeal is without arguable merit and, thus, frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  Brewer is cautioned that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  Brewer is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

IFP GRANTED; APPEAL DISMISSED; SANCTION WARNING ISSUED.